FILED

NOT FOR PUBLICATION

FEB 23 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICARDO ANTONIO ANGEL, | No. 13-70878 |
| Petitioner, | Agency No. A094-245-823 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2016
Pasadena, California

Before: BERZON, DAVIS**, and OWENS, Circuit Judges.

Ricardo Antonio Angel challenges the IJ and BIA's determination that he is

a persecutor and therefore not entitled to special rule cancellation of removal under

the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See* 8

C.F.R. § 1240.60 *et seq*.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

An applicant seeking NACARA relief "must not . . . be an alien described in [8 U.S.C. § 1231(b)(3)(B)(i)]." 8 C.F.R. § 1240.66(a). Section 1231(b)(3)(B)(i) precludes relief to those aliens who "ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion." Because the record "indicated" that the persecutor bar may apply to Angel, he bore the burden of proving that it did not apply. 8 C.F.R. §§ 1240.8(d), 1240.64(a); *see Miranda Alvarado v. Gonzales*, 449 F.3d 915, 930, 932–33 (9th Cir. 2006).

Angel urges that he did not "assist" in the persecution because his actions were not sufficiently integral to the persecution to render him a persecutor. We conclude, however, that although Angel was not "present and active" during the persecution, his conduct was sufficiently material to the persecution that he failed to overcome his burden to show he was not a persecutor. *Miranda Alvarado*, 449 F.3d at 918, 928–29. He arrested guerrillas and conducted initial interviews with them; he then turned the guerrillas over to his superiors, knowing his superiors would torture them. Although Angel maintains that the record does not definitively establish that he learned of the torture while still engaged in the arresting and turning over of guerrillas to the torturers, the inference from his testimony that he did is a strong one, and the agency was entitled to make it.

Angel also maintains that the persecutor bar does not apply because he did not provide assistance on account of political opinion; rather, he participated as a member of the military and therefore his actions were "on account of" the general civil discord occurring within the context of El Salvador's civil war. *See id.* at 930–31; *Matter of Rodriguez-Majano*, 19 I. & N. Dec. 811, 816 (BIA 1988). Angel's argument misses the mark. What matters is not *his* motivation, but instead the motivation of those effecting the persecution—his superiors. *See Miranda Alvarado*, 449 F.3d at 930–32. Angel has not shown (or even argued) that his superiors were motivated by something other than political opinion. He has, therefore, not met his burden to show that the persecutor bar does not apply. *See id.* at 930.

**PETITION DENIED.**